## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leah Burger, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br><br><br><br><br>      -v.-<br><br>Portfolio Recovery Associates, LLC,<br><br>                    Defendant(s). | Civil Action No: 7:21-cv-6699<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leah Burger (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Orange.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service at Corporation Service Company, 80 State Street, Albany, New York, 12207.

9.      Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

### CLASS ALLEGATIONS

10.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.      The Class consists of:

    a.   all individuals with addresses in New York;

    b.   to whom Defendant sent a collection letter related to a consumer debt;

    c.   attributing "adjustments" to the consumer that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact;

    d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.      The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.      Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § l692e. and § 1692g et seq.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.     **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.     **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692g et seq.

4

c.  **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     At a time better known to Defendant, an obligation was allegedly incurred to the original creditor, HSBC Bank Nevada N.A. (hereinafter "HSBC").

21.     Subsequently, upon information and belief, HSBC sold or transferred the debt to Capital One Bank (USA), N.A. (hereinafter "Capital One").

22.     Capital One, upon information and belief, sold or transferred the defaulted debt to Defendant for the purpose of debt collection on September 15, 2020. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

23.     Upon information and belief, the original subject obligation arose out of credit card transactions. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

24.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6)

*Violation – February 23, 2021 Collection Letter*

27.     On or about February 23, 2021, Defendant sent Plaintiff a collection letter related to the subject debt. (See "Letter" at Exhibit A.)

28.     In relevant part, towards the top of Defendant's Letter, it states:

| | |
|---|---|
| Total Amount of Debt Due at charge-off: | $6,191.42 |
| Interest: | $0.00 |
| Non-Interest Charges/Fees or Balance Adjustments: | $-0.04 |
| Payments: | $0.00 |
| Balance: | $6,191.38 |

29.     The Letter goes on to state: "This letter is in reference to the account listed above. We purchased this account on 09/15/2020 and have recently been notified by CAPITAL ONE BANK (USA) N.A. of a balance reduction on your account."

30.     Defendant refers to the .04 balance reduction in the above list.

31.     Upon information and belief, Plaintiff did not make a payment to Defendant in the amount of $0.04.

32.     Based on Defendant's representations in the Letter, Defendant purchased the subject debt more than five months before the date of this Letter.

33.     Plaintiff is not aware of any reason that Defendant reduced the balance to the subject debt, especially several months after purchasing the defaulted debt.

34.     Defendant failed to provide any explanation for why a balance reduction was made to her account.

35.     However, upon information and belief, Defendant did not sua sponte credit the account for $0.04.

36.     Furthermore, if $0.04 reflected a true credit, Defendant would have sent notification to Plaintiff, providing its reason for crediting the subject account.

37.     No such notice was provided to Plaintiff describing the $0.04 amount other than that which is provided in the Letter attached hereto as Exhibit A, which only characterizes the $0.04 amount as "Non-Interest Charges/Fees or Balance Adjustments."

38.     Therefore, the nature of the $0.04 amount is unknown and its deduction from the total amount due was in error.

39.     Thus, Defendant misstates the current balance on the account and the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

40.     The characterization as "Non-Interest Charges/Fees or Balance Adjustments" is deceptive and misleading.

41.     In fact, Defendant has engaged in a pattern and practice of attributing purported "balance adjustments" to consumers that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact.

42.     Defendant created and inserted numbers as "balance adjustments" which are not attributable to the consumer.

43.     Regarding the subject incident, the implication of the $0.04 value is that it represents actual activity on the account and is attributable to the consumer's action or request.

44.     This is material because it goes to the amount of the debt, which is the most material term in a collection letter. It is further material because it serves to undermine Defendant's right to collect this debt and casts a suspicious shadow over Defendant's collection activities in general, which affects the decision-making of Plaintiff.

45.     Defendant merely had to explain the reason for charging Plaintiff a different amount than the original creditor's listed charge-off amount. This is a low burden for Defendant and provides needed clarity to the Plaintiff.

46.     The fact that the amount sought by Defendant is less than the charge-off amount does not exonerate Defendant of its obligation to provide clarity to Plaintiff about the nature of the balance adjustment.

47.     The difference between the amount due and the charge-off amount is more than just a technical defect. It goes to the essence of Defendant's right to collect the debt.

48.     By failing to explain the nature of the balance adjustment, Defendant failed to effectively provide notice of the amount of the debt to Plaintiff.

49.     The inclusion of "balance adjustments" which post-date any actual account activity by the consumer, without disclosure of the material fact that the "balance adjustments" were not a result of real consumer activity is deceptive.

50.     Defendant seeks to collect an amount that misrepresents the total amount of debt due, in violation of 15 U.S. Code § 1692e and §1692g et seq.

51.     In result, Plaintiff incurred an informational injury as Defendant misstated and mischaracterized the total amount of the debt.

52.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

54.     Now, consumers have a right to receive proper notice of the amount of debt due. When a debt collector fails to effectively inform the consumer of the nature of a balance adjustment, in violation of statutory law, the debt collector has harmed the consumer.

55.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

56.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

58.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

59.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62.     Defendant violated §1692e:

   a.   As the characterization of "balance adjustment" without further information is deceptive, in violation of §1692e generally;

   b.   As the letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A);

   c.   By making a false and deceptive representation in violation of §1692e(10).

63.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT II**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

64.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

66.     Pursuant to 15 U.S.C. §1692g:

(a)     Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1)     <u>the amount of the debt;</u>
>
> (2)     the name of the creditor to whom the debt is owed;
>
> (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

67.   Defendant violated §1692g:

a.   As Defendant did not state the correct amount of the debt, in violation of § 1692g(a)(1);

68.   By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Leah Burger, individually and on behalf of all others similarly situated, demands judgment from Defendant Portfolio Recovery Associates, LLC as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 9, 2021

Respectfully Submitted,

/s/ Tamir Saland
**Stein Saks, PLLC**
By:  Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 122
Fax: (201)-282-6501
tsaland@steinsakslegal.com
*Attorneys for Plaintiff*